# Shook *et al. v.* Pate *et al.*

*Action to recover Damages for Trespass to Land.*

1. *Diagram of land.* — In testifying as to a disputed boundary line, a surveyor may use a diagram to illustrate his evidence, or make it intelligible to the jury, although the diagram was not made by himself, and is not shown to contain a perfectly accurate description of the lands.

2. *County surveyor as expert.* — A county surveyor, testifying as to a line which he has himself run, may state that it was run correctly, and may state the facts on which he bases his opinion of its correctness; as that he found the "corner stake," "bearing points," "marked trees," &c.

3. *Proof of boundary.* — A disputed boundary line may be proved by reputation, or by the admissions of an adverse party in interest.

APPEAL from the Circuit Court of Cherokee. Tried before the Hon. WM. L. WHITLOCK.

M. J. TURNLEY & SON, for appellants.

FOSTER & FORNEY, *contra.*

PETERS, C. J. — This is an action of trespass to lands. The defendants obtained a verdict and judgment in the court below. From this the plaintiffs appeal to this court; and here they assign as error the matters of objection found in the bill of exceptions.

The lands on which the asserted trespass is alleged to have been committed, are described in the complaint as "that portion of the northwest quarter of section number *six*, of township number ten, of range number ten, that lies on the north side of Coosa River land district, situated in said county of Cherokee, and State of Alabama." After the plaintiffs had closed their evidence, the defendants offered evidence tending to show that the trespass alleged in the complaint had been committed on section *one*, in township ten, of range nine, instead of section *six*, in township ten, and range ten, in the same county. The lands so situated would lie in adjacent sections, divided by a section line separating sections nine and ten. To show where the line constituting the common boundary of the two tracts ran, the defendants introduced a witness who had been the county surveyor of the county in which the lands were situated, and who had "run a line between the plaintiffs' and the defendants' lands." During his examination, this witness was shown "a diagram," purporting to be descriptive of the lands in controversy, and was asked by the defendants' counsel "to show the jury, upon said diagram, where the witness run the line between the plaintiffs and defendants." This

diagram was used to enable the witness to make his testimony intelligible to the jury. The use of the diagram was objected to by the plaintiffs, " because said diagram had not been made by the witness himself, nor was it shown or proven to be a correct survey and diagram of the premises described in the plaintiffs' complaint." The court below overruled this objection, and the plaintiffs excepted ; and this exception is one of the errors assigned here.

1. This assignment cannot be sustained. There was no error in the ruling of the court below on this point. A diagram is simply an illustrative outline of a tract of land, or something else capable of linear projection, which is not necessarily intended to be perfectly correct and accurate. In many instances this cannot be made to appear. At best, it is but an approximation ; and in this sense, it is indifferent by ·whom it is made. In this case, it was not offered as a plat of the survey of the lands in question, but only as a means of explanation of the witness' description of the lands. This was competent and relevant. A witness may as well speak by a diagram, or linear description, when the thing may be so described, as by words. It is a common and usual method of pointing out localities and lines. Even savages resort to it, in lieu of words, in describing the course of rivers, and the lines of the sea shores. It is enough if it serves the purpose of the witness in the explanation of the lines and localities he is seeking to exhibit. It was so used in this case.

2. A surveyor is an expert, and he may state the facts on which he bases his opinion, that a line run or surveyed by himself has been correctly done. He may state that he " found the corner stake " of a public survey, and " the bearing points, and the marked trees along a line " of such survey. These are facts, which are competent and relevant, when the fact to be proven is the accuracy of a boundary line of adjacent tracts of lands. See *Nolin* v. *Parmer*, 21 Ala. 66.

3. When the proofs tend to show that it is uncertain upon which of two parcels of land, separated by a section line, a trespass has been committed, the admissions of the adverse party to the suit, who is the owner of the lands on one side of the line, that the line of separation is in a certain place, may be permitted to go to the jury, to show the truth of the fact thus admitted. Boundary may be proven by reputation and hearsay. It may be shown in this way whether land is parcel or not parcel of a certain tract of land. *Boardman* v. *Reed's Lessees*, 6 Peters, 341 ; also, 1 Phill. Ev. (C. & H. ed. Notes) pp. 218, 219 *et seq.*

It seems that Mrs. Pate, one of the defendants, set up as her defence, that the *locus* of the trespass complained of, if com-

[Riley v. Pierce.]

mitted at all, was on her lands. And for this purpose she introduced her patent and her deed, to show that she was the owner of the land on which the trespass was actually committed. There was nothing wrong in this in this case.

From a careful examination of the bill of exceptions found in the record, to which the assignment of errors is confined, and the brief of the learned counsel for the appellants, which is wholly destitute of any citation of authorities, I have not been able to discover any error committed by the court below in the proceedings and giving judgment in this case, which would justify a reversal.

The judgment of the court below is, therefore, affirmed.