(94 South. 343)
**WALLER v. SIMPSON et al.** (8 Div. 484.)

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Evidence ⚖211, 272—Declarations and admissions of parties against interest admissible, and provable by evidence of former testimony.**

The declarations or admissions of parties to a civil cause against interest are admissible against them, whether made in or out of court, and court erred in not permitting testimony as to evidence or statements of a party upon a former trial of the cause in justice court.

**2. Evidence ⚖217, 266—Contract may be established by declarations or admissions.**

There is no rule of law forbidding the establishment of a contract by the declarations or admissions of the parties thereto.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

George D. Waller sued Albert McFarland in the justice court of O. B. Hill, to recover architect's fee for drawing plans and specifications. A judgment was there rendered for plaintiff, and McFarland appealed to the circuit court. Thereafter, the death of the defendant being suggested, the suit was revived against R. T. Simpson, Sr., and R. T. Simpson, Jr., as executors. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, page 449. Reversed and remanded.

J. Fred Johnson, Jr., of Florence, for appellant.

In a suit for architect's fee, where the defendant died pending an appeal from the magistrate's court to the circuit court, ad-

missions made by the deceased while testifying under oath in the magistrate's court are competent and admissible in evidence against the personal representatives of the defendant on the trial on appeal. 22 C. J. 231, 343, 427; Ency. of Ev. 481; 11 Ala. App. 261, 65 South. 919; 63 Ala. 243, 35 Am. Rep. 17; 142 Ala. 665, 38 South. 238; 40 Vt. 611.

Simpson & Simpson, of Florence, for appellees.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. [1, 2] The declaration or admissions of parties to a civil cause against interest are admissible against them whether made in or out of court, and the trial court erred in not permitting the witness Hill to testify as to the evidence or statement of Albert McFarland upon the former trial of this cause in the justice court in reference to the transaction between the plaintiff and said McFarland as to the plans and specifications for the house, as this evidence tended to establish a contract between the parties and the establishment of the plaintiff's cause of action. Hill was in no sense interested in the result so as to preclude him from testifying on account of the subsequent death of McFarland, and we know of no rule of law forbidding the establishment of a contract by the declarations or admissions of the parties thereto. Apart from this error, the plaintiff was entitled to the general charge with hypothesis, had it been requested; for, if the jury believed Richardson's evidence, which was in no sense disputed, the plaintiff made out a case, the only question left open being the amount agreed to be paid for the plan for the house; the witness Richardson not being positive as to the amount to be paid, whether $75, $80, or $85. The plaintiff, however, sought to prove by the witness Hill that McFarland admitted that the price to be paid was $85.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.