109 So.2d 921

**H. B. YORK**

v.

Winston **A. CHANDLER.**

5 Div. 535.

Court of Appeals of Alabama.

Oct. 7, 1958.

Rehearing Denied Oct. 28, 1958.

Edw. H. Reynolds, Notasulga, and Harry
D. Raymon, Tuskegee, for appellant.

Wm. C. Hare, Tuskegee, for appellee.

HARWOOD, Presiding Judge.

Suit below sought damages for injuries to plaintiff's automobile resulting from a collision with a truck owned by defendant and driven by John Grimmett, allegedly a servant or agent of the defendant at the time of the collision.

The jury returned a verdict in favor of the plaintiff and assessed his damages at six hundred dollars.

Judgment was entered pursuant to the verdict, and defendant's motion for a new trial being denied, an appeal to this court was perfected.

Appellant's assignment of error No. 1 asserts that the court below erred in denying his motion for a continuance, and this assignment is argued in appellant's brief. However, the record filed in this court fails to show any motion for a continuance. There is therefore nothing before us for review in this regard.

In the trial below the defense was directed toward showing that Grimmett was an employee of Harold York, a son of the appellant, and that Harold York was an independent contractor engaged in logging operations, the logs being hauled to appellant's sawmill.

In this connection counsel for appellant argue that the court erred in refusing appellant's request for the affirmative charge, and in overruling his motion for a new trial because, they contend, the appellee failed to show to the required degree that Grimmett was a servant, or agent of appellant at the time of the collision.

The evidence presented by the plaintiff tends to show that immediately after the collision Grimmett left and returned shortly with the appellant and Harold York. Mr. A. E. Cooper, Chief of Police of Notasulga, was also present at this time, along with several other men.

According to Chandler, the appellee, and Luther Rogers, and Austin McCoy, the appellant at that time stated that he owned the truck, and that Grimmett was his driver.

For the defense Chief of Police Cooper testified he heard some of the conversation between the appellee and appellant; that he knew that appellant owned the truck in question, and he did not ask Grimmett for whom he drove, nor did he hear appellant say that Grimmett was his driver.

The appellant denied that he had ever stated that Grimmett was his driver, or worked for him.

The appellant, and Mr. Harold York, and Mr. Wayne York testified to the effect that the truck was owned by the appellant, but was used by Mr. Harold York in his logging operations. Grimmett was an employee of Harold York in these operations, which were carried on by Harold York as an independent contractor; the appellant exercised no supervision over these operations, but paid Harold York so much per thousand for the logs hauled to appellant's sawmill.

The alleged statement by the appellant, as testified to by witnesses for the plaintiff to the effect that Grimmett was his driver, was sufficient, if believed by the jury under the required rule, to establish Grimmett as a servant or agent of the appellant. The denial by appellant that any such statement was made merely raised a conflict solely within the province of the jury to resolve.

The court therefore did not err in its refusal of appellant's request for the affirmative charge, nor in denying appellant's motion for a new trial.

Counsel for appellant assert that there was insufficient proof of the amount of damages to support the verdict and judgment.

■ The appellee testified that he had bought and sold automobiles, and was familiar with the market value of automobiles. He testified that the reasonable market value before the collision was $1,500, and its reasonable market value after the collision was $650. No evidence contradicting this testimony as to damages was presented. The appellant's testimony furnished a sufficient basis upon which the jury could base its award of $600 damages. Baxter v. Wilson, 35 Ala.App. 196, 45 So.2d 474.

■ During the cross examination of the appellant the record shows the following:

"Q. (By Mr. Hare) At that time or subsequent thereto, didn't you and Mr. Chandler have a conversation about the amount of damages and you told him to take his car to the garages and get two estimates and that you would pay him for it? A. No, sir, I told him to take it and get two estimates. I did not say I would pay him for anything.

"Q. But you did tell him to get two estimates made? A. That's right.

"Q. Now then when he brought those two estimates to you, you thought they were too high, didn't you? A. They were too high.

"Q. And that's the reason you haven't paid it? A. No sir."

In rebuttal to this testimony the appellee was recalled as a witness and testified:

"Q. (By Mr. Hare) Mr. Chandler, you heard Mr. York's testimony relative to your conversation with him about the amount of damages. Did he tell you at that time to have two estimates made?

"Mr. Raymon: We object to that.

"The Court: Overruled.

"Mr. Raymon: We except.

"A. Yes, sir.

"Q. And did you have those two estimates made? A. Yes, sir.

"Q. Now then did you take those two estimates back to Mr. York, this gentleman himself? A. Yes, sir.

"Q. And show them to him? A. Yes, sir.

"Q. What, if anything, was his response?

"Mr. Reynolds: And we object, if the court please.

"The Court: Overruled.

"Mr. Raymon: We except.

"A. He told me, said, 'They're too high. Just go ahead and sue me for it.'"

Counsel for appellant contends that the rulings in the above instances constituted error, in that it was a showing of an attempted compromise.

▉ Evidence tending to show an attempted compromise is ordinarily inadmissible. Globe Tailoring Co. v. Seibold, 9 Ala.App. 143, 62 So. 384; C. W. Zimmerman Mfg. Co. v. Dunn, 163 Ala. 272, 50 So. 906.

In the first place, we do not regard the above evidence as being an attempt to compromise. Actually there was no offer made by appellant, but only an instruction to obtain two estimates of the amount of damage. The following quotation from Matthews v. Farrell, 140 Ala. 298, 308, 37 So. 325, 328, we think aptly demonstrates that the above testimony showed an admission, rather than a proposition of settlement:

"As said in Gibbs v. Wright, 14 Ala. [465], 467: 'An offer to pay a sum of money in order to purchase one's peace and adjust a pending or threatened litigation, if not acceded to, cannot with propriety be called an *admission*, which can only be predicated of existing facts. It is an unaccepted *proposition*, a matter in feasance, which rather negatives the present existence of what is proposed to be done. If such an offer carry on its face the character of a peace offering, it is privileged, and cannot be used against the party making it. But where distinct facts are admitted by the proposition, or pending the negotiation, they stand upon a different ground, and for these the privilege cannot be invoked.'

"We think the principle last quoted applicable, and must govern. Among the numerous cases cited to support this principle is Church v. Steel's Heirs, [1] A. K. Marsh. [Ky., 328],

329. It is there said: 'For whilst, owing to the tendency of such evidence to prevent compromises, propositions are not allowed to be introduced, yet, as to facilitate such agreements, it is not essential that the propositions should be accompanied with any admissions. Such admissions, if made, ought to be received as competent evidence.'

"In Hartford Bridge Co. v. Granger, 4 Conn. [142], 148, also cited, it is said: 'It is never the intendment of the law to shut out the truth; but to repel any inference which may arise from a proposition made, not with design to admit the existence of a fact, but merely to buy one's peace. If an admission, however, is made, *because it is a fact,* the evidence to prove it is competent, whatever motive may have prompted to the declaration.'"

It has also been held that where, in an attempt to arrange a settlement of a controversy without resorting to litigation, statements are made which amount to a tacit admission of liability, or evince a consciousness on the part of the speaker of his liability, such admissions are admissible. See 80 A.L.R., p. 929, and cases there cited.

Clearly the jury could reasonably infer a tacit admission of liability from appellant's instructions to appellee to have two estimates made of the damage to appellee's automobile. One would hardly give such instructions in the absence of all notion of liability.

▉ Further, the evidence sought was relative and material to rebut appellant's claim that Grimmett was not his servant or agent, but rather was the employee of his son, an independent contractor. Being admissible in this aspect the court below would not be cast in error by us for overruling the general objection interposed.

Affirmed.