111 So.2d 583

Valena KIRKMAN

v.

Cecil PITTMAN.

1 Div. 710.

Supreme Court of Alabama.

Feb. 26, 1959.

Rehearing Denied May 14, 1959.

C. LeNoir Thompson, Bay Minette, for appellant.

Ernest M. Bailey, Fairhope, and Wilters & Brantley, Bay Minette, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a final decree of the Baldwin Circuit Court, in Equity, ordering the specific performance of a written contract to sell land. The contract declared on and introduced in evidence in the court below is in words and figures as follows:

"Exhibit A"

"Offer To Purchase

"We agree to purchase the property known as: All that parcel belonging to Valena Kirkman that fronts Second Ave. (Church Street) being 300 feet more or less and running eastwardly to Section Street and fronting Section Street 300 feet more or less; also a small parcel lying East of Section Street. The entire tract containing eleven (11) Acres more or less.

"Consideration: $7,000.00

"Terms: Cash or, at seller's option, 29% down and the balance on three equally divided yearly payments. The unpaid balance to draw interest 5% Annum. It is understood that a good and marketable title is to be furnished and deal is to be closed within 30 days from receipt of abstract to date.

"Taxes, rents, insurance, and interest prorate to possession date.

"Possession to be given upon delivery of deed which will be upon payment of down payment or cash payment whichever seller elects.

"We hereby deposit with Valena Kirkman $100.00 as earnest money, receipt of which is hereby acknowledged, to apply on the purchase price. Said earnest money shall be returned to us upon demand if this offer to purchase is not accepted by the owner within one (1) days from the date hereof, or, upon acceptance by the owner, shall be forfeited as liquidated damages if we fail to comply with the above terms.

"(Signed)

——————— (Seal)

Buyer
Cecil Pittman

"(Signed)

——————— (Seal)

Buyer

"(Signed)

————————————
Leanora D. Niemeyer

"*Acceptance*

"The foregoing offer is hereby accepted by us this 10th day of November, 1952.

"(Signed)

——————— (Seal)

Owner
Valena Kirkman

"(Signed)

——————— (Seal)

Owner

"Witness:

(Signed)

————————————
Leanora D. Niemeyer"

The testimony in this cause was taken ore tenus before the trial judge. Where the testimony is taken thus, the trial judge has the witnesses before him, hears their testimony, and observes their demeanor on the stand, and unless his judgment is palpably wrong his finding will not be disturbed on appeal. Puckett v. Puckett, 240 Ala. 607, 200 So. 420, and cases cited therein.

Appellant admits that she signed the foregoing written instrument but contends that it should not be enforced for the following reasons: (1) because it was executed on Sunday, (2) the respondent was a married woman at the time of its execution and her husband did not join therein, (3) that the respondent did not freely and voluntarily sign the contract, (4) the land

in question was her homestead, and (5) the respondent rescinded the contract.

Only those assignments of error supporting the foregoing contentions are sufficiently argued in brief to merit our attention. We might well dispose here of the arguments made by simply stating that they each presented only questions of fact and upon which the evidence was in conflict, but we will briefly discuss them in the order set out above.

■ Under Title 9, Sec. 21, Code of Alabama 1940, contracts executed on Sunday, with certain exceptions not here involved, are void. The written contract introduced into evidence bears date of November 10, 1952, which date fell on Monday. Where there is no indication in its face that the date is false, the presumption of law is that it was executed on the day of its date. The presumption is rebuttable, but the most that can be said of evidence touching the point is that it was conflicting. See Nelson v. Brown, 164 Ala. 397, 51 So. 360.

■ We are unwilling to say that the trial court committed error in his finding that the contract was not executed on Sunday and that the provisions of Title 9, Sec. 21, supra, did not apply.

Appellant's next contention is that she was a married woman and since her husband did not sign the contract it is void. Title 34, § 73, Code of Alabama 1940, provides:

"The wife, if the husband be of sound mind, and has not abandoned her, or be not a nonresident of the state, or be not imprisoned under a conviction for crime for a period of two years or more, cannot alienate or mortgage her lands, or any interest therein, without the assent and concurrence of the husband, the assent and concurrence of the husband to be manifested by his joining in the alienation in the mode prescribed by law for the execution of conveyances of land. But if the hus-

band be non compos mentis, or has abandoned the wife, or is a nonresident of the state, or is imprisoned under a conviction for crime for a period of two years or more, the wife may alienate or mortgage her lands as if she were sole."

■ It is true that at the time of signing the contract, Valena Kirkman was married to a man named Chester A. Reed. There was also testimony showing that Chester A. Reed has not lived with Valena Kirkman for almost twenty years. A divorce from this marriage was granted Valena Kirkman on June 19, 1953. In a deposition filed by Valena Kirkman in the divorce action, she stated that her husband was a nonresident of the state of Alabama and his last known address was Chicago, Illinois. She also stated that she and Chester A. Reed had not lived together since 1934, and she had received no support from him. We think there was ample testimony to show that Chester A. Reed was a nonresident, thus permitting Valena Kirkman, under the provisions of Title 34, Sec. 73, Code of 1940, to contract for the sale of land without the necessity of her husband joining.

■ Appellant argues that she did not freely and voluntarily sign the contract. To sustain her contention in this regard, she offered her own testimony that the appellee picked her up at her home, drove to his office and put her in a dark room. Yet the witness, Leanora Niemeyer, who witnessed the writing in question, testified the appellant made no complaint to her, and from her impression at the time the appellant entered the contract of her own free will. The trial court found that the appellant freely and voluntarily entered the contract, and his finding will not be disturbed here unless palpably wrong. McCary v. McMorris, 265 Ala. 493, 92 So.2d 319; Lightsey v. Stone, 255 Ala. 541, 52 So.2d 376.

■ Appellant in brief contends the contract is tinged with fraud due to the sur-

rounding circumstances. She would have us set aside the findings of the court below because the complainant is a young man and respondent an aged woman. It is true that the law will look closely upon any dealings in which the position of the parties is obviously unequal. Yet a reading of the transcript gives no hint of fraud. There is no testimony as to the ages of the respective parties except that they are both over twenty-one years of age. True, there is some testimony that respondent only went through the fourth grade in school, but there was also testimony that the respondent was quite intelligent and had had other real estate transactions. Without more, fraud will not be presumed merely because the parties are of opposite sexes. Winn v. Winn, 242 Ala. 324, 6 So. 2d 401; Morrison v. Federal Land Bank of New Orleans, 232 Ala. 138, 167 So. 288. Here again the evidence is in conflict and no reversible error is made to appear.

 The question of the applicability of the Homestead Law, Title 7, Sec. 625, Code of 1940, was correctly determined by the trial court. The tract of land in question was not claimed by appellant as a homestead on the tax assessment rolls. There was testimony to the effect that the land was unimproved and had no dwellings on it. Aside from this, we know of no law in this state which would prevent a married woman whose husband had abandoned her or is a nonresident of this state from selling a homestead owned by her in her own right. Sec. 73 of Title 34, Code of 1940, applies to a homestead owned by a wife in her own right, as well as other real estate owned by her. See Tartt v. Negus, 127 Ala. 301, 28 So. 713.

 Assignments of Error Nos. 20 and 21 deal with an alleged rescission of the contract by appellant. There was testimony that appellant mailed appellee a letter returning the earnest money and attempting to cancel the contract. There is no evidence that appellee acceded to the idea of termination, but there is ample evidence that he was ready, willing and able to perform the contract. An ex parte act by one of the parties to a contract attempting to nullify its effects does not in law amount to a rescission. Cowin v. Salmon, 244 Ala. 285, 13 So.2d 190; National Supply Co. v. Southern Creamery Co., 224 Ala. 507, 140 So. 590.

 The question of laches is raised for the first time on appeal and cannot be considered. Thomas v. Bank of Hurtsboro, 243 Ala. 658, 11 So.2d 370; White v. State, 262 Ala. 694, 81 So.2d 267.

 Appellant's 13th Assignment of Error insists that the land sued for in the bill of complaint is not the same land encompassed in the trial court's decree. The contention of appellant is well taken. However, there is no question as to the property which is the subject of the contract. The trial court's decree follows the bill of complaint as originally filed rather than the amended bill of complaint. Had there been evidence of the more technical description of the property, it could not be error to use it in framing the decree. The trial court is directed to amend the decree to conform to the amended bill of complaint. In connection with the necessity for the description of real property in suits for specific performance, see Minge v. Green, 176 Ala. 343, 58 So. 381.

 All other assignments of error have been considered and are without merit. The trial judge heard the evidence ore tenus and his findings have the effect of a jury verdict. Spradling v. May, 259 Ala. 10, 65 So.2d 494.

Finding no reversible error, the decree is due to be affirmed.

Affirmed and remanded to the trial court for correction of the decree as indicated.

LAWSON, STAKELY and MERRILL, JJ., concur.