237 So.2d 479

Frances E. MANGINA

v.

Betty P. BUSH et al.

6 Div. 772.

Supreme Court of Alabama.

June 18, 1970.

William E. Swatek, Birmingham, for appellant.

Dempsey F. Pennington, Birmingham, for appellees.

MERRILL, Justice.

This appeal is from a decree ordering specific performance of a written contract of sale dated November 20, 1968, for a lot in Birmingham.

Appellant signed the contract for sale of the house and lot for $15,400.00 to Joe and Betty Bush. The sale was handled by John D. Rogers, a realtor, and he and his sister, an attorney who was appellant's attorney at the time of the execution of the contract, were present when appellant executed the contract, and appellant's signature was witnessed by her attorney, Mrs. Rossie Rogers Taylor.

When the time arrived for closing the transaction, appellant's attorney notified Rogers that appellant would not honor the contract.

The bill of complaint seeking specific performance was filed and, after preliminary pleading, the cause was heard and concluded on October 24, 1969. The decree, dated that same day, found that the contract was duly executed by the parties; that Rogers was appellant's agent to sell the property; that the complainants had paid $1,000.00 earnest money to Rogers, as appellant's agent; that they had offered to pay $2,000.00 more and assume the mortgage (listed in the contract as amounting to $12,400.00), but appellant had refused to accept the money or comply with the contract; that appellant had "leased the said property for a term," and that the sales contract was good, valid and binding upon the parties, and that complainants were entitled to specific performance. The order was in accord with the findings.

An application for rehearing was overruled.

92

Appellant's defense in the circuit court and here was that she was in the hospital for some tests and after taking some pills and shots did not know what she was doing; that she was induced to sign the contract because of fraud, misrepresentation and deceit, and that the amount of the sale was inequitable.

Counsel who represented appellant at the trial was different from appellant's counsel on appeal.

Appellant argues that the decree is defective because she "is not informed by said decree as to findings on the matters which Appellant-Respondent relied as the basis of her defense." The trial court did not choose to discuss the testimony relating to appellant's specific defenses (noted supra), but the sixth finding, "That the said contract (Complainant's Exhibit A) is good, valid and binding upon the parties thereto," shows that the defenses were not proved to the satisfaction of the court.

■ We also do not choose to discuss the testimony in support of these defenses, but will mention only enough evidence to show that it was sufficient, if believed, to support the decree of the trial court.

The decision turns on the testimony of appellant, her agent Rogers, and that of his sister, appellant's attorney at that time.

Appellant testified that she was sick; that she remembered signing four separate papers when Rogers and her attorney, Mrs. Taylor, were present, but she did not know what they were, and that she had always said she wanted $5,000.00 above the mortgage when the property was sold.

Rogers testified that appellant listed her property with him and said she wanted $15,000.00 for it; that when she signed the contract, she read it and he pointed out the amounts to be paid; that he had visited her the day before and she asked him if he had sold the house for her; that he had had many contacts with her, and

ran ads in the papers; that when she executed the contract she appeared normal, in the possession of her faculties and appeared to understand what she was doing. He also testifed that the house was twelve years old, originally sold for $16,150.00 under a full G. I. loan and was presently worth $15,000.00 with a rental value of $110.00 per month.

Mrs. Taylor testified that she was present at the hospital when appellant signed the contract, that it was already signed by Joe and Betty Bush; that Rogers went over the contract with appellant; that appellant read it and signed it in her presence. She stated twice that appellant "knew what she was doing."

■ The defenses of fraud and that appellant did not know what she was doing were questions of fact in this case.

■ Fraud is never presumed and when relied upon must be distinctly alleged and proven, Decker v. State Nat. Bank, 255 Ala. 373, 51 So.2d 538, and he who seeks relief on ground of fraud has the burden of proof. Morrison v. Federal Land Bank of New Orleans, 232 Ala. 138, 167 So. 288.

It is clear to us that the trial court did not think the appellant had proved her pleas of fraud.

■ Where testimony is taken ore tenus before the trial judge who has the witnesses before him, hears their testimony and observes their demeanor on the stand, his judgment will not be disturbed on appeal unless plainly wrong. Kirkman v. Pittman, 269 Ala. 159, 111 So.2d 583; Aniton v. Robinson, 273 Ala. 76, 134 So.2d 764.

We cannot say that the trial court was plainly wrong in its decree.

Affirmed.

LIVINGSTON, C. J., and LAWSON, HARWOOD and McCALL, JJ., concur.