253 So.2d 12

**Martin L. GOODSON**

v.

**SHEFFIELD TRUCK & TRACTOR, INC.**

**2 Div. 541.**

Supreme Court of Alabama.

Sept. 30, 1971.

Orzell Billingsley, Jr., Birmingham, for appellant.

MADDOX, Justice.

This is an appeal by Martin Goodson from a decree of the Circuit Court of Greene County, In Equity, denying him any relief on his bill in the nature of a bill of review. A default judgment was entered against Goodson on April 25, 1968 on a complaint filed on March 9, 1968 by Sheffield Truck & Tractor, Inc., to recover the balance owed on the purchase price of a tractor sold to Goodson in March, 1966.

Goodson claimed that the original complaint filed by Sheffield was never served upon him and that he had no notice or knowledge of the default judgment until he made application for a F.H.A. loan and was told that the judgment had been entered against him, thereby preventing him from getting the loan. He did receive a copy of the judgment later in the mail from Sheffield's counsel.

Goodson testified that he sought legal advice and was told that since more than thirty days had expired since entry of the judgment that nothing could be done. The bill in the nature of a bill of review was filed on July 7, 1970, and the trial court heard the evidence ore tenus. The Register of the court testified that the original complaint showed that Goodson was served on March 9, 1968. She also testified that she had mailed a postcard to Sheffield's counsel stating that service had been had on the complaint. Sheriff W. E. Lee testified that he personally served Goodson with the original bill of complaint filed by Sheffield. Goodson denied that he was so served. The Register also testified that when service was had, a notation was "usually" made in the Civil Final Record Book to that effect, but that apparently an employee in the office had failed to make such a notation in the case in question. While the evidence was conflicting on the question of the personal service of the complaint, there was sufficient evidence, which, if believed, would support the finding of fact made by the trial court that "Martin L. Goodson was duly and legally served with all necessary notices and papers."

The trial court denied Goodson's prayer for relief and Goodson perfected this appeal. He assigns two rulings of the trial court as error—(1) that the trial court's decree was erroneous in finding Goodson was personally served and (2) in admitting into evidence, over Goodson's objection, the postcard which the Register admitted sending to Sheffield's counsel notifying him that service had been perfected. We find no reversible error in either instance. Even assuming, without deciding, that Goodson would have been entitled to relief on his bill of complaint had he been able to show that he was not personally served, no reversible error appears. The trial court found Goodson was personally served. The testimony was taken ore tenus before the trial judge, who had the witnesses before him, heard their testimony and observed their demeanor on the stand. His finding of fact is given the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong. Mangina v. Bush, 286 Ala. 90, 237 So.2d 479 (1970); Aniton v. Robinson, 273 Ala. 76, 134 So.2d 764 (1961).

Goodson claims that the admission into evidence of the postcard sent to Sheffield's attorney, notifying him that service had been perfected, was inadmissible since the best evidence was the Civil Final Record Book. We cannot agree. While the postcard was cumulative of the testimony of the Register that service had been perfected, we do not think it inadmissible. But even if the evidence was inadmissible, error to reverse would not be shown. Excluding from consideration the evidence contained on the postcard, there was sufficient evidence from which the trial court could find that Goodson was personally served.

The judgment of the trial court is due to be affirmed.

Affirmed.

LAWSON, MERRILL, HARWOOD and McCALL, JJ., concur.