The principal issue on this appeal is whether the trial court's oral instruction to the jury, was erroneous in requiring the jury to first find compensatory damages in order to award punitive damages.
Lizzie Hadley Skipper, plaintiff below, appeals from a judgment on a jury verdict that denied damages claimed of South Central Bell Telephone Company, defendant below, for wrongfully terminating her telephone service.
We affirm.
 Facts
On 18 March 1974, the telephone company terminated Mrs. Skipper's service at her unlisted number, 937-8054, for nonpayment of her January bill. She claimed she had *Page 865 
never received notice that the January bill was due until she was called by the telephone company on 1 March. She testified that in this call she informed the telephone company she had, on 28 February, mailed a money order for the exact amount due, $33.87. The company's evidence was that two notices had been mailed to her before the call.
A money order for $33.87 was cashed by the telephone company the day before service was terminated. There was nothing on the money order to identify either an account number or a telephone number. Her unlisted telephone number could not be identified by the company's bookkeeping department without an account number shown on the remittance. The directory listed Lizzie Hadley, number 937-8739, but the account for that number was in the name of her former husband, Buford Hadley. It was to this account the $33.87 was credited. Mrs. Skipper says she made repeated requests that service be restored but that the telephone company demanded a new deposit of $75 as a condition to doing so. After she employed an attorney, service was restored without requiring her to put up a new deposit.
 The Case
Mrs. Skipper's claim for damages was for wrongfully, and willfully terminating, and refusing to restore her phone service. She claimed punitive damages also, and alleged her injuries were loss of income, embarrassment, humiliation, and inconvenience. The telephone company answered, denied all, and asserted contributory negligence by Mrs. Skipper. On motion the latter defense was stricken. The verdict was for the telephone company. Mrs. Skipper moved for a new trial on the grounds that certain portions of the court's oral jury instruction were erroneous. The motion was denied.
 The Principal Issue
May punitive damages be awarded only if there is actual injury which would authorize the jury to award compensatory damages?
The governing principle is that no damages, compensatory or punitive, may be awarded unless the jury finds there has been actual injury.
The oral jury instructions contained:
 "Now, the Plaintiff has asked for damages in two forms. One is the compensatory damages. And the purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for loss or injuries sustained. Compensatory damages are intended as money compensation to the party wronged to compensate her for her injury and other damages which have been inflicted upon her as a proximate result of the willfull and wanton act of the defendant." (emphasis added)
It also contained:
 "In this particular case there have been no figures as to the actual damages. In other words, she has not come out and said `I was done `X' dollars worth of damage.' But she has testified that she had some type of communication — you heard the evidence — with her mother. She has alleged embarrassment, harassment and several other things in the Bill of Complaint. And if you are reasonably satisfied from the evidence in this case, from what you have heard, that this was a consequence of the willful and wanton negligence of the Telephone Company, in that event, you may find compensatory damages.
 "Now, as to how you would measure that type of damage: There is actually no rule or set formula for determining it. So you ladies and gentlemen of the jury must make a determination as to what you think would be the damages, if you are reasonably satisfied from the evidence that this willful and wanton misconduct, if there was any, caused this woman some type of damage." *Page 866 
It also contained:
 "Now, the other type of damage — Well, first you must decide that she is entitled to compensatory damages; that she was hurt to a certain extent by the actions of the Telephone Company. And again, you must be reasonably satisfied from the evidence that this occurred. Once you have decided that she is entitled to compensatory damages, then you may consider punitive damages, if you are reasonably satisfied from the evidence that she is entitled to them. And the purpose of awarding punitive or exemplary damages is to allow money recovery to the Plaintiff by way of punishment to the Defendant, and for the added purpose of protecting the public by deterring the Defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case and the necessity of preventing similar wrongs."
Plaintiff says the jury should have been instructed that, if she proved the right to nominal damages, punitive damages could be considered. The court went further and, by its charge, authorized the jury to award compensatory and punitive damages if it saw fit. The context of the entire oral charge was that punitive damages could be awarded plaintiff if she suffered actual injury. Embarrassment and humiliation are actual injuries. Further, the jury was told, compensatory damages may be found from proof of embarrassment or humiliation. Proof of those injuries would justify awarding actual damages. Choice, by the trial court, of the phrase "compensatory damages" did not misstate the law. The phrase is synonymous with the phrase "actual damages." Actual damages include all except that category called punitive, vindicative, or exemplary; they are the equivalent of compensatory damages. See Comer v. Age HeraldPublishing Co., 151 Ala. 613, 44 So. 673 (1907). Compensatory damages, or nominal damages, may be awarded in cases where actual injury or harm is shown even though no measurable losses can be proved. Comer, supra.
Plaintiff asserts there was error when the jury was charged about simple negligence since her claim was not based upon it. She overlooks the reason given the jury for doing so.
It was this:
 "Now, I have charged you as to what willful and wantonness is under the law. Now I am going to charge you as to what simple negligence is so that you will know that willfulness and wantonness are of a greater degree than ordinary simple negligence."
Contrast is a common method of explaining, or defining, that which is being contrasted. There was no error in using that method.
The remaining points plaintiff urges as error are: admitting a page of the directory listing the telephone number, 937-8739, of Lizzie Hadley; admitting evidence from the telephone company that it had no information from Mrs. Skipper, or anyone, that her money order was to be credited to the account for telephone number 937-9054 (the unlisted number); and denial of her motion to exclude evidence, which she claims, tended to show the customer had a duty to notify the telephone company to what account money sent it was to be credited. It was error, she says, because this evidence would have supported the defense of contributory negligence; an illegal defense that had been stricken. However, the trial court instructed the jury that plaintiff had no such duty.
Although that evidence might possibly have been relevant to contributory negligence, *Page 867 
had that defense been proper, nevertheless it was surely relevant to whether plaintiff's injuries were the result of willful or wanton misconduct on the part of defendant, and, the extent of its culpability. See McDaniel v. State, 97 Ala. 14, 12 So. 241;Louisville Nashville R.R. Co. v. Scott, 232 Ala. 284,167 So. 572.
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.