Opelika Production Credit Association (OPCA) brought suit against Lamb on five promissory notes and Lamb counterclaimed for fraud. After a trial without a jury, judgment was entered for OPCA. We affirm.
OPCA is an instrumentality of the United States organized under the Farm Credit Act of 1933. The Federal Intermediate Credit Bank of New Orleans has direct supervision of all Production Credit Associations in Alabama, Mississippi, and Louisiana. Lamb is a soybean and cattle farmer in Russell County. His farm was originally subject to a real estate mortgage held by the former owners, Brent and Young. In the process of financing his operation Lamb has executed six promissory notes to OPCA.
The first note, dated June 9, 1975, was a renewal of a loan originally made on May 29, 1974, and included three advances made in the interim for cattle and crop operating expenses. The renewal note also included an additional advance for farm operating expenses. Lamb in turn gave a security interest in all cattle and crops planted or growing within one year. Lamb's loan application of June 9 shows that Lamb agreed to give OPCA a first mortgage to 756 acres of the Russell County real estate. Additional advances for cattle and crop operating expenses were made on August 8 and October 14, 1975, for which Lamb executed two promissory notes.
On December 19, 1975, Lamb executed three additional promissory notes to OPCA. That same day Lamb and his wife gave OPCA a mortgage to 756 acres in Russell County to secure the six promissory notes. The transactions occurred at Lamb's home and the parties present, Lamb, his wife, and Wesley Slay, a loan officer of OPCA, gave *Page 959 
conflicting accounts of what occurred and why. OPCA satisfied Lamb's obligations to Brent and Young and on February 9, 1976, Brent and Young executed a deed conveying 851.28 acres in Russell County to Lamb and his wife in joint tenancy.
On July 30, 1976, OPCA made demand for payment in full on five of the promissory notes. One of the notes executed on December 19 was not included as not in default. OPCA did not at that time file suit on the mortgage. OPCA also moved to seize and sell Lamb's cattle. Lamb answered and counterclaimed for fraud. On September 20, 1976, the sheriff seized 215 mixed head of cattle which were then sold and the proceeds applied to reduce Lamb's indebtedness.
The case was tried on July 28, 1977, before a judge without a jury. The court gave judgment for OPCA in the sum of $243,065.42 plus $10,000 attorney's fees and granted OPCA full rights to proceed with foreclosure of the mortgage. Lamb's counterclaims were "dismissed" after trial and Lamb appealed. Shortly thereafter OPCA foreclosed its mortgage and purchased the property at public sale. Lamb then redeemed the property with the proceeds of a loan obtained through the Farmer's Home Administration, but made it clear that he did so involuntarily and under protest. OPCA moved to dismiss the appeal, alleging that the judgment had been satisfied and the mortgage released. We deny that motion and proceed to a consideration of the merits of this appeal.
As an initial basis for reversal Lamb asserts that OPCA could not bring suit on the promissory notes as it was not the real party in interest. Each note included a pre-stamped restrictive endorsement to the Federal Intermediate Credit Bank of New Orleans (FICB). The notes, however, remained in OPCA's vaults. § 7-3-301, Code 1975, provides:
 "The holder of an instrument whether or not he is the owner may transfer or negotiate it and, except as otherwise provided in section 7-3-603 on payment or satisfaction, discharge it or enforce payment in his own name."
Thus the question is whether or not OPCA is the holder of the notes. We think that it is. The notes were issued to OPCA and remained in its possession, bringing it within the definition of a "holder" in § 7-1-201 (20), Code 1975. Although the notes carried an endorsement to FICB they had not been delivered. Without delivery FICB could not be the holder of the notes. §7-3-202 (1). Thus OPCA remained the holder and was entitled to bring suit under § 7-3-301.
Lamb next contends that the notes are not enforceable as they contain a variable interest provision and are usurious. This position is not well-taken. Federal law, which must, of course, take precedence over our own state law in the event of a conflict, specifically allows a Production Credit Association to charge interest at a variable rate. 12 U.S.C.A. § 2096
(1971). Similarly, Production Credit Associations, as federally chartered lending institutions designed for a particular limited purpose, are not bound by state limitations on interest rates. See Beatrice Production Credit Association v.Vieselmeyer, 376 F. Supp. 1391 (D.C.Neb. 1973). OPCA presented at trial a complete journal detailing the accrual of interest on Lamb's notes. The accuracy of this journal and the computations derived from it were not challenged by Lamb. This journal provided an adequate basis for the trial court's money judgment.
As a third ground for reversal Lamb asserts that the mortgage could not operate to convey his wife's interest in the real estate as it secured notes executed solely by her husband. The prohibition against a wife standing as surety for her husband was repealed by the legislature over twenty years ago. 1957 Ala. Act No. 62, p. 101. Such transactions are still subject, however, to the rules of law governing contracts between persons in confidential relationships. § 30-4-9, Code 1975. Here there was sufficient evidence for the court to believe that the wife voluntarily executed the mortgage and was fully aware of what she was doing. The trial court did not err in allowing OPCA to proceed with the foreclosure against both Lamb and his wife. *Page 960 
Finally, Lamb argues that his counterclaim for fraud in the execution of the mortgage should not have been dismissed. The counterclaim was based upon § 6-5-101, Code 1975, which provides:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
The party seeking relief on the ground of fraud bears the burden of proof. Mangina v. Bush, 286 Ala. 90, 237 So.2d 479
(1970). Fraud, which is never presumed, must be clearly and satisfactorily proven. Southern Ry. Co. v. Arnold, 162 Ala. 570,50 So. 293 (1909). The trial judge heard the conflicting evidence ore tenus and found that no fraud was committed. After a review of the record we will not disturb that finding as it was not plainly erroneously or manifestly unjust.
At the urging of appellant we have recalculated the amount due on the five promissory notes, taking into account payments made by Lamb, and find the trial judge's figures to be correct. Consequently, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.