494 So.2d 413 (1986)
Martha LOWE
v.
AMERICAN MEDICAL INTERNATIONAL and Provident Life & Accident Insurance Company.
84-1359.
Supreme Court of Alabama.
July 18, 1986.
Specially Concurring Opinion August 15, 1986.
John F. Kizer, Jr., Birmingham, for appellant.
Lyman H. Harris and Susan Rogers of Harris, Evans & Downs, Birmingham, for appellee American Medical Intern.
Clifford M. Spencer, Jr., of Pritchard, McCall, Jones, Spencer & O'Kelley, Birmingham, for appellee Provident Life & Accident Ins. Co.
*414 TORBERT, Chief Justice.
The plaintiff, Martha Lowe, appeals from a summary judgment granted in favor of Provident Life & Accident Insurance Company ("Provident") on a claim of bad faith refusal to pay an insurance claim, and a summary judgment granted in favor of American Medical International ("A.M.I.") on a claim of misrepresentation. We affirm both summary judgments.
Plaintiff's husband, Hubert Lowe, died in June 1982. On several occasions he had been a patient, and had received cancer treatments, at a hospital owned and operated by defendant A.M.I. He was allegedly insured during that time by a health insurance policy issued by defendant Provident.
During the hospitalization of plaintiff's husband, A.M.I. personnel recommended that he be transferred to the Estes Unit wing of the hospital. This wing is apparently used primarily for the long-term care of cancer patients. Upon questioning by the plaintiff and her husband, various unidentified employees of the hospital allegedly represented to the Lowes that their insurance would cover the Estes Unit care. Thereafter, the plaintiff's husband was transferred to the Estes Unit wing.
After the death of plaintiff's husband, the plaintiff filed insurance claims with Provident for the bills incurred by Hubert Lowe while in the Estes Unit wing. These claims were denied by Provident on the ground that the Estes Unit wing is a convalescent home and its care or treatments are outside the coverage of the Provident insurance policy.
A two-count complaint was filed by the plaintiff against the defendants on November 4, 1982. Plaintiff charged Provident with bad faith refusal to pay and alleged misrepresentation against A.M.I.
On February 15, 1984, defendant Provident's motion for summary judgment was granted, because the trial judge found that there was no genuine issue as to any material fact and that Provident was entitled to judgment as a matter of law. Rule 56(c), A.R.Civ.P. On March 15, 1984, plaintiff attempted to amend her complaint to add a breach of contract claim against Provident, and on the same day filed a motion to alter, amend, or vacate the summary judgment. However, the motion was denied on August 1, 1985. Also on August 1, 1985, the court granted A.M.I.'s motion for summary judgment, pursuant to Rule 56(c). The plaintiff appeals, contending that the court erred in granting both summary judgments.
The plaintiff's first contention is that the trial court erred in granting Provident's summary judgment on the bad faith count. The plaintiff has initiated this lawsuit in her individual capacity, and not as the personal representative of her deceased husband.
The cause of action for the tort of bad faith refusal to pay was created to protect only the person for whose benefit the insurance payments should have been made. In this case, there is not a scintilla of evidence to indicate that the insurance payments allegedly due would benefit the plaintiff individually or that nonpayment would create personal liability for her. The plaintiff does not allege under this count that any tortious conduct by Provident has been directed at her personally. Therefore, under the facts of this case, the plaintiff is not a "real party in interest" under Rule 17(a), A.R.Civ.P., since she does not possess the requisite interest in the insurance payments or the substantive right to relief so as to bring this action in her individual capacity. Consequently, the trial court was correct in granting summary judgment for Provident on this count.
The plaintiff's second contention is that the trial court erred in granting A.M.I.'s motion for summary judgment on the misrepresentation count. She alleges that a misrepresentation occurred when the hospital's employees told her that her husband's insurance policy would cover her husband's expenses in the Estes Unit wing. She brought this cause of action in her individual capacity.
The plaintiff argues that she was the party to whom the misrepresentation was made, and, therefore, that Code 1975, *415 § 6-5-462, does not bar this cause of action. She argues that she relied on the representation when she had her husband transferred to the Estes Unit wing and that she should be able to sue A.M.I. for misrepresentation.
The plaintiff is initially correct in her assertion that § 6-5-462 is not a bar to this claim; this is because her complaint alleges a misrepresentation made to her personally, not to her husband. However, in order to bring a misrepresentation claim, the plaintiff must be able to show that she has been injured. National States Insurance Co. v. Jones, 393 So.2d 1361, 1363-64 (Ala.1980); Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235, 239-40, 326 So.2d 726, 729 (1976). In National States Insurance Co., a niece was allowed to recover on a fraud claim in respect to an insurance policy issued to her aunt, because the niece had responsibility for the care of the aunt, was responsible for the policy premiums, and was billed for the unpaid-for medical services, and thus had suffered direct injury. Likewise, in Old Southern Life Insurance Co., a husband was allowed to bring a fraud claim in respect to an insurance policy covering his wife, because the husband had paid the policy premiums and was the exclusive party with whom the insurance company had dealt, and thus had suffered direct injury.
In the present case, the plaintiff has stated in her deposition that she never guaranteed payment for her husband's medical bills and that she was never billed for those payments. Although the plaintiff stated initially that she "assumed" that she was responsible for her husband's debts and that her husband would have wanted her to pay his bills, the evidence in the record and in the plaintiff's deposition shows that the plaintiff was not held responsible for, and could not be held responsible for, the unpaid medical bills of her husband. Therefore, the plaintiff has not shown any evidence that she suffered any injury which could support a misrepresentation claim. Consequently, we hold that the plaintiff could not recover on this claim for misrepresentation. The trial court was correct in granting summary judgment for A.M.I. on this count.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
BEATTY, Justice (concurring specially):
I write specially to emphasize that it is based on the state of the record in this case that I agree that plaintiff has failed to show any injury or damage as a result of the alleged conduct of the defendants that would give her standing to maintain her action.
Although this fact is not mentioned in the majority opinion, the plaintiff attempted to argue that, because she was the sole beneficiary named in her deceased husband's will, a claim by the hospital against Mr. Lowe's estate would damage her in that such a claim would have the effect of reducing her inheritance. Nevertheless, a copy of Mr. Lowe's will is not contained in the record, nor does the record contain other evidence proving that the hospital has (or will) in fact make a claim on Mr. Lowe's estate for the hospital debt. Mrs. Lowe merely deposed that letters "threatening" legal action to collect had been sent by the hospital to her home since Mr. Lowe's death. The mere threat of action which may result in injury is too tenuous a basis on which to give standing. However, a different situation entirely would be presented if the plaintiff had shown either that she was directly liable for the hospital debt or that the hospital had filed a claim against the estate of her deceased husband, of which she was the sole beneficiary. Under either of these circumstances, I would hold that plaintiff had sufficient interest and, therefore, standing to sue.