STEAGALL, Justice.
Harry L. and Vashti Pruitt appeal from a summary judgment in favor of Colonial Mortgage Company and Mississippi Valley Title Insurance Company in an action alleging fraud, negligence, breach of fiduciary duty, and breach of contract.
In January 1986, the Pruitts contracted with Robert and Carlene Brown to purchase a house and lot located at 3250 Uvalde Lane in Huntsville. The written contract indicated that the buyers, the Pruitts, did not desire title insurance. The *1040 Pruitts obtained a Federal Housing Administration loan from Colonial Mortgage Company to finance the purchase. The closing of the loan was administered by Charles Sullins, manager of Madison Land Title Services, Inc. (“Madison Land”). Neither prior to nor during the closing, in April 1986, did the Pruitts make any effort to inquire into the title of the property they were purchasing. During the closing, the Pruitts signed and received copies of various loan documents. The closing statement showed payment by the Pruitts of $62 for title insurance to Mississippi Valley Title Insurance Company (“Mississippi Valley”). At that time, the Pruitts failed to read or inquire into any of the provisions contained within the loan documents. Several months subsequent to the closing, the Pruitts attempted to obtain a loan secured by a second mortgage on the property, but were unable to do so because of several outstanding liens and judgments against the property. The Pruitts then conducted a title search, which confirmed the liens and judgments. They contacted Sullins, who assured them that steps were being taken to clear the title to the property. After conducting a second title search, which confirmed the continued existence of several liens and judgments against the property, the Pruitts filed suit on June 3, 1987. In September 1988, approximately 29 months after the closing, all of the outstanding liens and judgments against the property were paid off by Madison Land and an owner’s title insurance policy with Mississippi Valley was delivered to the Pruitts.
In their suit against Colonial Mortgage, Mississippi Valley, and Madison Land, the Pruitts alleged fraud and breach of contract and sought $500,000 in compensatory and punitive damages. Mississippi Valley filed a cross-claim against Madison Land, seeking indemnification as to any damages awarded the Pruitts against Mississippi Valley, as well as to reasonable attorney fees and expenses. In addition, Colonial Mortgage filed a cross-claim against Madison Land and a third-party complaint against Sullins, alleging fraud and misrepresentation against both. On October 7, 1988, Colonial Mortgage and Mississippi Valley filed a joint motion for summary judgment, which the trial court granted. The court made the summary judgment final pursuant to Rule 54(b), A.R.Civ.P., and the Pruitts appeal from that judgment.
Prior to addressing the appropriateness of summary judgment, we must first address the nature of the Pruitts’ claims against Colonial Mortgage and Mississippi Valley. The Pruitts’ complaint alleges fraud, negligence, breach of fiduciary duty, and breach of contract.
Concerning fraud claims, this Court has previously stated:
“Rule 9(b), ARCP, provides that when fraud is alleged the circumstances constituting the fraud shall be stated with particularity. This does not require every element to be stated with particularity, but the pleader must use more than generalized or conclusionary statements setting out the fraud. The pleader must state the time, the place, the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained.”
Robinson v. Allstate Ins. Co., 399 So.2d 288, 289-90 (Ala.1981), recently quoted with approval in McAlister v. Deatherage, 523 So.2d 387, 390 (Ala.1988). The elements necessary to prove an alleged fraud are likewise well established in Alabama: “(1) a false representation, (2) concerning a material existing fact, (3) upon which the plaintiff has relied, and (4) has been damaged as a proximate result.” Taylor v. Moorman Mfg. Co., 475 So.2d 1187, 1189 (Ala.1985). After a thorough review of the affidavits, pleadings, and depositions submitted to the trial court, we find that there is no genuine issue of material fact as to the Pruitts’ claim of fraud against Colonial Mortgage and Mississippi Valley. The record is silent as to any representations made by Colonial Mortgage or Mississippi Valley to the Pruitts as to the title of the property. Indeed, the Pruitts admitted that they had not spoken with any representative of Colonial Mortgage prior to the closing and had not even heard of Mississippi Valley prior to the closing.
*1041 We find that the Pruitts’ claim of breach of contract against Colonial Mortgage and Mississippi Valley must also fail. The only contract existing between the Pruitts and Colonial Mortgage was an agreement whereby Colonial Mortgage would finance the Pruitts’ purchase of the property. The record contains no evidence of any breach of this agreement. According to the record, the only agreement Mississippi Valley had with the Pruitts was to provide title insurance if the title could be certified as free and clear of all tax liens and encumbrances. Mississippi Valley’s contractual duty to insure title was fulfilled when, after the title was cleared, it delivered an owner’s title insurance policy to the Pruitts. Mississippi Valley had not contracted to actually clear the title to the property and, therefore, could not have breached a contract by not clearing it. The record, likewise, does not contain any evidence of negligence or a breach of a fiduciary duty.
The summary judgment in favor of Colonial Mortgage and Mississippi Valley was proper and it is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.