The issue presented by this appeal is whether an insured can have a cause of action against her insurer and its agent for fraud based on misstatements in the insurance application, even though the insurer never denied a claim under the policy and never sought to void the policy and the policy was incontestable at the time suit was filed. The trial court entered summary judgments in favor of the insurer and its agent on the insured's fraud claim, on the ground that the insured had suffered no damage. We affirm.
On December 2, 1989, Lillie Allen applied for a policy of hospital indemnity insurance with Gulf Life Insurance Company. In her affidavit, Allen alleged that in response to a general question about her health, she told Frances Williamson, an agent for Gulf Life, that she had high blood pressure. Allen also alleged that she was asked no other questions regarding her health, but that further questioning would have revealed that she also had a thyroid condition. The completed application did not mention either of these two preexisting conditions. Allen signed the application as the proposed insured. Williamson, in her affidavit, disputed Allen's claims and stated that she asked all of the health questions on the application and that she accurately reported Allen's responses. According to Williamson, Allen's responses did not include any information about high blood pressure or a thyroid condition.
Allen's complaint can be succinctly stated as follows: 1) that her policy was issued based on an application that contained the agent's misstatements regarding her high blood pressure and thyroid condition; 2) that the policy, therefore, provided no coverage for these conditions during the two-year period of contestability;[1] and 3) that Allen was charged, and paid, a premium based on coverage she did not receive.
It is undisputed that Allen paid standard premiums for a person of her age and sex on a timely basis from the date of the issue, December 1, 1989, through the expiration of the contestability period, December 1, 1991. It is also undisputed that the relevant provisions of the policy are as follows:
 "PRE-EXISTING CONDITION means a condition misrepresented or not revealed in the application and for which symptoms existed prior to the effective date of coverage that would cause an ordinarily prudent person to seek diagnosis, care or treatment within the two (2) year period prior to the date of his or her coverage.
 "PRE-EXISTING CONDITION LIMITATIONS. We will not pay for loss commencing within 2 years that was caused by or connected with a pre-existing condition. If such injury or sickness was shown on the application and we did not exclude it from coverage, it will not be considered a pre-existing condition.
 "INCONTESTABILITY. After the policy has been in force for a period of two years during your lifetime, it shall become incontestable as to the statements contained in the application. *Page 666 
 "TIME LIMIT FOR CERTAIN DEFENSES. We will not deny or reduce a claim for a loss incurred after two years from the effective date of coverage under this policy on the ground that a disease or physical condition had existed prior to the effective date of coverage under this policy."
Allen made no claims during the contestability period and the insured denied no claims on the basis of the preexisting conditions. After the expiration of the contestability period, Gulf Life could not deny or contest a claim because of a preexisting disease or condition.
Allen, alleging fraud and suppression of material facts, filed this action against Gulf Life and Williamson on April 10, 1992, several months after the policy became incontestable.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. To enter a summary judgment, the trial court must determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. Rule 56(c); Berner v. Caldwell,543 So.2d 686 (Ala. 1989); Schoen v. Gulledge, 481 So.2d 1094
(Ala. 1985). The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant, Allen, and resolve all reasonable doubts against the movant, Gulf Life.[2] Harrell v.Reynolds Metals Co., 495 So.2d 1381 (Ala. 1986). See alsoHanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).
Thus, viewing the evidence in the light most favorable to the nonmovant, Allen, we must assume that (1) Williamson failed to properly record Allen's health conditions on the policy; (2) the policy was voidable or limited during the contestability period because of omissions in the application; and (3) during the first two years, the policy provided no coverage as to Allen's preexisting high blood pressure and thyroid condition. However, the undisputed evidence shows that Allen made no claim under the policy during that period and that Gulf Life made no attempt to void, or in any way to impair, Allen's policy during that period.
Allen contends that she was damaged in two ways by Gulf Life. First, Allen argues that she was led to believe she had full insurance coverage when, in fact, she says, her coverage was arguably voidable or limited during the two-year period of contestability even though in fact she made no claim during this period. Second, Allen states that she paid full premiums for full coverage during a period when the policy was arguably voidable and coverage for her high blood pressure and thyroid conditions was arguably excluded.
Fraud is never presumed, and the party asserting fraud bears the burden of proving each and every element thereof. SeeWilson v. Southern Medical Association, 547 So.2d 510
(Ala. 1989); Johnson v. Keener, 370 So.2d 265 (Ala. 1979). In order to establish a prima facie case of fraud, Allen had to establish by substantial evidence: (1) a false misrepresentation; (2) concerning an existing material fact; (3) upon which she detrimentally relied; and (4) that proximately caused her damage or loss or injury. See Pruitt v.Colonial Mortgage Co., 548 So.2d 1039, 1040 (Ala. 1989); Taylorv. Moorman Mfg. Co., 475 So.2d 1187, 1189 (Ala. 1985). Thus, an essential element of any fraud claim is damage or loss orinjury. Lowe v. American *Page 667 Medical International, 494 So.2d 413, 415 (Ala. 1986).
Gulf Life argues that this Court has previously dealt with a fact situation almost identical to the one at issue here, inMoore v. Liberty National Life Ins. Co., 581 So.2d 833
(Ala. 1991). We agree. In Moore, the insureds sued Liberty National and its agent, based on the agent's having taken out loans on the insureds' policies without the insureds' knowledge or authority; Liberty National had restored the policies before any claims were made. The insureds sued under the theory that damage or loss existed in the form of a decreased cash surrender value and decreased death benefit during the period that the policies were encumbered by the loans. As in this case, the period during which the policies were of decreased value had expired before the insureds sued.
In holding that the insureds had suffered no damage or loss, the Moore Court wrote:
 "For the Moores to prevail on a claim that they were damaged as a result of lost use of the cash surrender value or by a reduction in the death benefits of their life insurance policies, they must show some loss, or some denial of the use or enjoyment, of those benefits. Here, the Moores claim damages solely on the theory that if they had wanted to make a claim or loan during the period when the policies were encumbered by the unauthorized loans, and if Liberty National had not discovered that the loans were, indeed, unauthorized, then Liberty National would have denied them a loan or a claim and they would have been denied the use and enjoyment of their policies. However, it is undisputed that none of these events occurred.
 "Here, the Moores' allegations that they suffered damage are based strictly on speculation — what might have happened, as opposed to what did happen. However, a finding of damage cannot be based on speculation. It is fundamental that in order to recover damages, a plaintiff must present evidence of actual damage. See Industrial Chem. Fiberglass Corp. v. Chandler, 547 So.2d 812
(Ala. 1988); Skipper v. South Cent. Bell Tel. Co., 334 So.2d 863 (Ala. 1976); C. Gamble, Alabama Law of Damages, § 7-1 (2d ed. 1988). Here, viewing the evidence before the court in the light most favorable to the Moores, we conclude that there was no evidence that the Moores incurred damage upon which a recovery could be based."
581 So.2d at 835.
Because the Moores never made a claim or tried to make a loan and thus were never denied benefits under the policies, a court could not find that they had incurred damage or loss; thus they could not recover damages. Indeed, as this Court recognized, "the trial court correctly concluded that . . . the Moores were never denied the use of their policies and . . . they never 'suffered a nickel's worth of loss.' " Id.
Allen's allegations of damage or loss, like the allegations in Moore, are "based strictly on speculation." 581 So.2d at 835. Allen presented no evidence that she incurred damage or loss upon which a recovery can be based.
The summary judgments for Gulf Life and Williamson are due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] On December 7, 1989, Gulf Life issued the policy for which Allen had applied on December 1, 1989. The policy had an effective date of December 1, 1989. Gulf Life admits that the policy is now incontestable.
[2] Because this action was not pending on June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that Allen, the nonmovant, meet her burden by "substantial evidence." Bass v. SouthTrust Bank ofBaldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence test the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).