I concur with the main opinion, except for that portion affirming the trial judge's holding that there was sufficient evidence for a jury to find "misrepresentation of material facts" and "suppression of material facts" against both defendants on the repossession chargeback programs. I respectfully dissent from that portion of the opinion. I would reverse the trial judge's denial of the defendants' directed verdicts as to those claims.
 I. Burden of Proof.
The plaintiff bore the burden of proof in regard to these two causes of action.
 " 'The party seeking relief on the ground of fraud bears the burden of proof. Mangina v. Bush, 286 Ala. 90, 237 So.2d 479 (1970). Fraud, which is never presumed, must be clearly and satisfactorily proven. Southern Ry. Co. v. Arnold, 162 Ala. 570, 50 So. 293 (1909).' "
Talb, Inc. v. Dot Dot Corp., 559 So.2d 1054, 1057 (Ala. 1990); and see Lamb v. Opelika Production Credit Association,367 So.2d 957 (Ala. 1979). Therefore, in order to defeat the defendants' motions for directed verdicts, the plaintiff bore the burden of presenting sufficient evidence on each element of fraud and suppression. Macon County Comm'n v. Sanders,555 So.2d 1054, 1056 (Ala. 1990).
The legislature has provided a cause of action for misrepresentation of material facts:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
§ 6-5-101, Ala. Code 1975. Moreover, [f]raud, as defined by §6-5-101, includes four elements: (1) There must be a false representation; (2) the false representation must concern a material existing fact; (3) the plaintiff must rely upon the false representation; and (4) the plaintiff must be damaged as a proximate result." Cowen v. M.S. Enterprises, Inc.,642 So.2d 453 (Ala. 1994). According to Talb, in order for a plaintiff to *Page 292 
prevail against a defendant's motion for directed verdict on a fraud/misrepresentation claim, the plaintiff must present evidence of all four elements.
"Suppression of material facts" is dealt with in § 6-5-102:
 "Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.
It is well settled that:
 "To establish a prima facie case of suppression of a material fact under § 6-5-102, Ala. Code 1975, a plaintiff must show (1) that the defendant had a duty to disclose a material fact, (2) that the defendant concealed or failed to disclose this material fact, (3) that the defendant's concealment or failure to disclose this material fact induced the plaintiff to act or to refrain from acting, and (4) that the plaintiff suffered actual damage as a proximate result.
Hines v. Riverside Chevrolet-Olds, Inc., 655 So.2d 909, 918
(Ala. 1994). Again, according to Talb, in order for a plaintiff to prevail against a defendant's motion for directed verdict on a suppression claim, the plaintiff must present evidence of all four elements.
Bell did not carry the burden of proof necessary to establish a claim of fraudulent misrepresentation. It is not clear, for instance, that Bell relied upon a false representation to his detriment. Had Bell known that certain dealers in the area were being offered the rule of 78 program, what would he have done differently? It appears to be GMAC's prerogative to offer this program to certain dealers of GM's choosing. Even more uncertain is the amount of damage Bell incurred. Assuming that Bell relied on this allegedly misleading statement, Bell has proven no damage to himself or his business as a result of that reliance.
 II. No Proof of Damage.
"It is well settled that damage is an essential element of an action for fraud and deceit," Ringer v. First National Bankof Stevenson, 291 Ala. 364, 369, 281 So.2d 261, 266 (1973), and that "[t]o recover compensatory damages for fraud and deceit, [a] plaintiff must show that he has suffered an actual pecuniary loss as the result of the fraud." Pihakis v.Cottrell, 286 Ala. 579, 586, 243 So.2d 685, 692 (1971).
There is only one situation where this Court will presume damages for fraud. "Due to the uniqueness of land, damages are presumed for purposes of a cause of action in tort for fraud." Roberts v. Carroll, 377 So.2d 944, 946 (Ala. 1979). Otherwise, the damages element of "[f]raud is never presumed, and the party asserting fraud bears the burden of proving each and every element thereof." Allen v. Gulf Life Insurance Co.,617 So.2d 664, 666 (Ala. 1993) (overruled on other grounds,Boswell v. Liberty Nat'l Life Ins. Co., 643 So.2d 580
(Ala. 1994)); George v. Federal Land Bank of Jackson,501 So.2d 432 (Ala. 1986) (affirming a summary judgment based upon the conclusion that there was insufficient evidence in the record to support a finding of fraud because the plaintiffs had failed to show how they were injured or damaged); Bank of Red Bay v.King, 482 So.2d 274 (Ala. 1985) (judgment based on jury verdict of fraud reversed because the plaintiff had failed to adduce a scintilla of evidence on every element of fraud).
Damage is an essential element of an action for fraud, and a plaintiff must show that he has suffered an actual pecuniary loss as the result of the fraud. If the plaintiff fails to present sufficient evidence of damage, courts must not presume that the plaintiff incurred damage. Instead, the proper course — in response to a defendant's timely motion for a directed verdict — is to direct a verdict in favor of the defendant.
The plaintiff did not present so much as a scintilla of evidence of damage in this case, much less sufficient evidence to survive a motion for a directed verdict. The plaintiff did present evidence of the difference between his actual revenue and the amount of revenue he would have received if he had been on the rule of 78 program. The plaintiff alleges that he was defrauded regarding whether all dealers were on the Mod-C program. However, he does not prove that he *Page 293 
was entitled to be placed on the rule of 78 program. Bell's lack of knowledge as to whether all dealers were on the Mod-C program does not cause any damage. On the contrary, the evidence shows that GM and GMAC did not tell Bell about that program because they did not intend to approve him for the rule of 78 program.
According to Talb, Lamb, and Allen, this Court cannot presume any elements of fraud. Therefore, this Court cannot determine that, but for the alleged fraud, the plaintiff would have been entitled to be placed on the rule of 78 program. The simple fact that some dealerships were on the rule of 78 program does not mean that Bell was also entitled to be placed on that program. In fact, the record suggests the opposite: the overwhelming majority of the dealerships in the plaintiff's "area" were not on the rule of 78 program, but were on the same plan as the plaintiff.
Perhaps the dealerships that were on the rule of 78 program qualified for that program only by achieving some degree of success that GM and GMAC found to be rationally related to the rule of 78 program. Perhaps that was not the case. Nevertheless, the defendants did not have the burden of proving the rationality of their business. Instead, the burden was on Bell to simply present sufficient evidence that he was entitled to the rule of 78 program.
Bell did not present sufficient evidence — and, in fact, did not even present a scintilla of evidence — indicating that he was entitled to the rule of 78 program. The mere testimony as to what revenue Bell would have received if he had been on the rule of 78 program is irrelevant because there was no evidence that Bell was entitled to be on that program. In the absence of such proof, this Court cannot presume that the plaintiff could have been damaged. Talb, Inc. v. Dot Dot Corp., 559 So.2d 1054
(Ala. 1990); Lamb v. Opelika Production Credit Association,367 So.2d 957 (Ala. 1979); Allen v. Gulf Life Insurance Co.,617 So.2d 664 (Ala. 1993).
Accordingly, I would hold that the trial judge erred in denying the defendants' motions for directed verdicts on the fraud and suppression claims. Therefore, I must respectfully dissent from that portion of the main opinion holding to the contrary.