692 So.2d 840 (1997)
Roy SANFORD, individually and on behalf of a class of similarly situated persons,
v.
HOUSE OF DISCOUNT TIRES and BellSouth Mobility, Inc.
2951197.
Court of Civil Appeals of Alabama.
March 14, 1997.
*841 J. Gusty Yearout, P. Mark Petro, and John G. Watts of Yearout, Myers & Traylor, P.C., Birmingham; and Garve Ivey, Jr., of Wilson & King, Birmingham, for Appellant.
Morris W. Savage of Bankhead & Savage, Jasper, for House of Discount Tires.
John D. Clements and James E. Fleenor, Jr., of Burr & Forman, Birmingham, for BellSouth Mobility, Inc.
YATES, Judge.
Roy Sanford appeals from a summary judgment entered in favor of House of Discount Tires ("Discount Tires") and BellSouth Mobility, Inc. ("BMI"). This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
In December 1993, Discount Tires advertised a free cellular telephone with the purchase of $100 in automotive accessories.
Sanford had decided to purchase tires for his daughter's truck; after seeing the Discount Tires advertisement, he decided to purchase the tires from Discount Tires because he wanted the free cellular telephone. Sanford purchased the tires, selected a cellular telephone, and then was presented a contract for BMI cellular service that he was required to sign in order to get the "free" telephone. The approximate cost of the contract was $228. A Discount Tires employee told Sanford that Discount Tires was paid a large commission on selling the cellular service. Sanford informed Discount Tires that he already had BMI cellular service and did not want another contract. Sanford thought that he could use the advertised telephone with his existing cellular service. Discount Tires refused Sanford the telephone when he would not sign the BMI contract.
Discount Tires had entered into an authorized agency agreement with BMI to sell only cellular service offered by BMI. Cooperative advertising, which required BMI's approval of all advertisements, was part of the agency agreement. BMI trained employees of Discount Tires in the area of selling cellular services and provided partial payment of advertisements approved by BMI. The advertisements, containing BMI's logo, were published in the newspaper.
Sanford sued Discount Tires and BMI on May 20, 1994, alleging fraud arising out of the newspaper advertisement for a free cellular telephone. BMI moved for a summary judgment, alleging that Sanford had failed to produce any evidence that he had relied on any alleged misrepresentations by BMI; that he had suffered any damage or harm as a result of any alleged misrepresentations; and that Discount Tires was acting within the scope of its agency agreement with BMI when the alleged misrepresentations were made. Discount Tires moved for a summary judgment, arguing that there was no genuine issue of material facts. The trial court granted the motions and entered a summary judgment for the defendants. Sanford appeals.
We first note that in reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law, Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the movant to present substantial evidence creating such an issue, Bass v. *842 SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved," West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The trial judge stated no reason for entering the summary judgment. However, based on the defendants' motions, it appears most likely that the trial judge concluded that Sanford had presented no evidence of a misrepresentationone of the elements of a fraud action.
The elements of a nonstatutory fraud claim are: (1) that a party misrepresented a material fact; (2) that the misrepresentation was made willfully to deceive or was made recklessly without knowledge; (3) that the misrepresentation was justifiably relied upon under the circumstances; and (4) that the party was damaged as a proximate result of the reliance. Pate v. Rollison Logging Equipment, Inc., 628 So.2d 337, 341 (Ala. 1993). We conclude that Sanford presented substantial evidence from which a trier of fact could find each element of a fraud claim.
It is undisputed that Discount Tires advertised a "free cellular phone" and it is undisputed that the telephone was not "free." Thus, the first element is present. A factfinder could reasonably conclude that Discount Tires, in placing the advertisement, was aware that it contained a misrepresentation; thus, the factfinder could reasonably find the second element. The remaining requirements of justifiable reliance and damage are more disputed. We must determine whether Sanford presented substantial evidence that in purchasing the tires from Discount Tires he was relying on the misrepresentation in the advertisement and, if so, whether his reliance was justifiable and, if so, whether that reliance resulted in damage or harm to Sanford.
Sanford says that when he purchased at least $100 worth of automotive accessories (the tires), he was relying on the Discount Tires advertisement stating that he would receive a "free" cellular telephone. Sanford presented evidence indicating that before he saw the advertisement he had already decided to purchase tires for his daughter; that because of the advertisement offering a telephone he decided to purchase the tires from Discount Tires; and that when he purchased the tires he believed he could have the "free" telephone programmed with his existing cellular number and could use it with his existing cellular telephone service.
"A plaintiff ... has not justifiably relied on the defendant's representation if that representation is `one so patently and obviously false that he must have closed his eyes to avoid discovery of the truth.'" Hickox v. Stover, 551 So.2d 259, 263 (Ala.1989), quoting Southern States Ford, Inc., v. Proctor, 541 So.2d 1081, 1091-92 (Ala.1989) (Hornsby, C.J., concurring specially). The advertisement in question clearly offers a "free" cellular telephone and it clearly contains no disclaimer indicating that in fact the telephone is not free. We conclude that Sanford presented substantial evidence that he justifiably relied on the misrepresentation in the advertisement.
Sanford further contends that he was damaged by his reliance on the misrepresentation in the advertisement. In Reynolds v. Mitchell, 529 So.2d 227 (Ala.1988), our supreme court held that in a case of fraud in the inducement of a purchase, damages should be assessed based on the difference between the value of the property as represented and its actual value. In that case, the court reiterated that Alabama has long followed the "benefit of the bargain" rule. Id., at 233. We, therefore, conclude that Sanford presented substantial evidence that he had suffered damage or harm. Further, the supreme court has held that the damage or harm complained of in a fraud claim seeking punitive damages may be in the form of a noncompensable violation of a legally protected right. See First Bank of Boaz v. Fielder, 590 So.2d 893 (Ala.1991) (holding that "the focus of [the Supreme] Court has been on the *843 sufficiency of the evidence to support a finding by the jury that the plaintiff has been injured"), at 899.
Even if the trial court had concluded that Sanford had offered substantial evidence of all elements of the fraud claim, the court still might have based the summary judgment for BMI on a conclusion that BMI was not liable for Discount Tires' action in placing the misleading advertisement. Sanford contends that in regard to the alleged fraud in the advertisement Discount Tires was acting as an agent of BMI and, therefore, he says, BMI should be held liable for the fraud. The question of agency is generally a question of fact for the jury. Secor Bank v. Bailey, 596 So.2d 900 (Ala.1992). Hanners, supra, requires that on a summary judgment motion the court must review the evidence in a light most favorable to the nonmovant. The trial court had substantial evidence before it that BMI had imposed on Discount Tires certain requirements in regard to the advertisement and had approved the advertisement. In Todd v. Modern Woodmen of America, 620 So.2d 591 (Ala. 1993), our supreme court stated that a principal will be held liable for the intentional torts of its agents if: (1) the wrongful acts were undertaken in the line and scope of the agent's employment; or (2) acts were undertaken in furtherance of the business of the principal; or (3) the principal participated in, authorized, or ratified the wrongful acts. Id.,at 593, citing Joyner v. AAA Cooper Transportation, 477 So.2d 364, 365 (Ala. 1985). By presenting the written agreement between BMI and Discount Tires, Sanford presented substantial evidence from which a factfinder could find any one or all of the three bases set out in Todd.
Because the record reflects substantial evidence to support Sanford's allegation of fraud on the part of Discount Tires and his claim of an agency relationship between Discount Tires and BMI, we conclude that the court erred in entering the summary judgment. That judgment is reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I must respectfully dissent from the majority's reversal of the summary judgment rendered in favor of Discount Tires and BMI in this case. The majority indicates that "Sanford presented substantial evidence that he suffered damage or harm." 692 So.2d at 842. It bases this conclusion on the "benefit of the bargain" rule; that is, it states that "damages should be assessed based on the difference between the value of the property as represented and its actual value." 692 So.2d at 842. However, Sanford produced no evidence that the tires he purchased are worth any less than the amount he paid for them as a result of the alleged misrepresentation about the free cellular phone. In fact, Sanford has made only speculative statements about the loss of time and wear and tear on his car to create damages in this case. Damage or loss cannot be founded on the basis of mere speculation, Allen v. Gulf Life Insurance Co., 617 So.2d 664, 667 (Ala.1993), overruled on other grounds, Boswell v. Liberty National Life Insurance Co., 643 So.2d 580 (Ala.1994), and the failure to show proof of damages is fatal to Sanford's fraud claim. Allen, 617 So.2d at 666. Therefore, I must respectfully dissent because I would affirm the summary judgment for Discount Tires and BMI on the basis that Sanford has failed to provide evidence that he suffered damage.