I must respectfully dissent from the majority's reversal of the summary judgment rendered in favor of Discount Tires and BMI in this case. The majority indicates that "Sanford presented substantial evidence that he suffered damage or harm." 692 So.2d at 842. It bases this conclusion on the "benefit of the bargain" rule; that is, it states that "damages should be assessed based on the difference between the value of the property as represented and its actual value." 692 So.2d at 842. However, Sanford produced no evidence that the tires he purchased are worth any less than the amount he paid for them as a result of the alleged misrepresentation about the free cellular phone. In fact, Sanford has made only speculative statements about the loss of time and wear and tear on his car to create damages in this case. Damage or loss cannot be founded on the basis of mere speculation, Allen v. Gulf LifeInsurance Co., 617 So.2d 664, 667 (Ala. 1993), overruled onother grounds, Boswell v. Liberty National Life Insurance Co.,643 So.2d 580 (Ala. 1994), and the failure to show proof of damages is fatal to Sanford's fraud claim. Allen, 617 So.2d at 666. Therefore, I must respectfully dissent because I would affirm the summary judgment for Discount Tires and BMI on the basis that Sanford has failed to provide evidence that he suffered damage.